[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12216
Non-Argument Calendar
_____

D.C. Docket No. 0:10-cv-62282-JIC

LUCKSON TILUS,

Plaintiff-Appellant,

versus

G. KELLY,
Sergeant, Official & Individual Capacity,
E. WEBER,
E. SANCHEZ,
A. WILLIAMS,
C. BARRERA,
Officers, Official & Individual Capacity, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 26, 2013)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Luckson Tilus, a *pro se* pre-trial detainee at the Broward County Main Jail ("Jail"), appeals the district court's grant of summary judgment in favor of the individual defendants.[1] His claims, brought pursuant to 42 U.S.C. § 1983, arose from an alleged assault against him on Tuesday, July 27, 2010, during which the individual defendants allegedly beat him at the Jail on two occasions. The district court granted the individual defendants' motion for summary judgment, finding that Tilus did not exhaust his administrative remedies within five business days of the alleged assault as was required by the Jail's grievance procedures. Tilus now argues that his administrative remedies remained unavailable to him because he was hospitalized until July 30, 2010, and could not file any grievances when officials thereafter placed him under "psych watch." He further asserts that officials returned his grievances to him unanswered after he was transferred to administrative segregation on August 3, 2010. After thorough review, we affirm.

We review *de novo* a district court's interpretation and application of 42 U.S.C. § 1997e(a)'s exhaustion requirement. *Johnson v. Meadows*, 418 F.3d 1152,

---

[1] The district court dismissed Tilus's complaint for failing to state a claim to the extent that it raised claims against the individual defendants in their official capacities and against the Jail. Tilus has not argued that the district court erred in this respect, and has abandoned any such argument. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (holding that, although we liberally construe *pro se* briefs, issues that are not briefed on appeal are abandoned).

2

1155 (11th Cir. 2005).  The exhaustion of administrative remedies under the Prison Litigation Reform Act ("PLRA") is a matter in abatement that should be raised in a motion to dismiss, or treated as such if raised in a motion for summary judgment. *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008).  Under such circumstances, the district court may consider facts outside of the pleadings and resolve factual disputes so long as it does not decide the merits of the case and so long as it permits the parties a sufficient opportunity to develop the record.  *Id*. at 1376.  Resolving motions to dismiss for failing to exhaust administrative remedies is a two-step process. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).  First, the court must look to the factual allegations in the defendant's motion and the plaintiff's response, taking the plaintiff's version of the facts as true to the extent it conflicts with that of the defendant.  *Id*.  If the complaint is not subject to dismissal at this step, the court must then make specific findings to resolve the parties' factual disputes, and determine whether the defendant bore its burden of proving that the plaintiff failed to exhaust his administrative remedies.  *Id*. at 1082-83.

Under the PLRA, an inmate confined in a jail may not bring a § 1983 action until he exhausts the administrative remedies that are available.  42 U.S.C. § 1997e(a).  The exhaustion requirement applies to all inmate suits about prison life, including those that raise excessive force claims, and the inmate who alleges

3

harm suffered from prison conditions must file a grievance and exhaust the remedies available under a state's grievance procedures as a prerequisite to a federal § 1983 action. *See Johnson*, 418 F.3d at 1155-56. The PLRA requires "proper exhaustion," which demands compliance with a state's deadlines and other procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 90-91, 93, 126 S. Ct. 2378, 2386-87, 165 L. Ed. 2d 368 (2006). Thus, where an inmate's grievance fails to meet administrative deadlines or an existing exception to a timely filing requirement, his federal claim will be barred. *See Johnson*, 418 F.3d at 1155-59.

A remedy must first be available to be exhausted, and availability requires that the remedy is "capable of use for the accomplishment of [its] purpose." *Turner*, 541 F.3d at 1084 (citation omitted). We have recognized that a prison official's conduct, under certain circumstances, might prevent an inmate from pursuing his administrative remedies, thereby rendering them "unavailable" and lifting the exhaustion requirement. *See id*. at 1084-85. Thus, we concluded that a prison official's serious threats of substantial retaliation against an inmate for pursuing a grievance in good faith render the inmate's administrative remedy unavailable. *Id*. at 1085. Without deciding the issue, we have also recognized that other courts of appeals have concluded that administrative remedies are unavailable where prison officials do not respond to an inmate's grievances or prevent the filing of grievances. *Bryant*, 530 F.3d at 1373 n.6.

4

We note initially that the district court appears to have erred by not treating the individual defendants' motion for summary judgment as a motion to dismiss. *See id.* at 1374-75. However, the district court was permitted to consider facts outside of the pleadings, *see id.* at 1376, and we hold that the district court correctly concluded that the undisputed material evidence established that Tilus failed to exhaust his available administrative remedies.

It is undisputed that, at all relevant times, the Jail maintained a grievance procedure and claims of excessive force were subject to these procedures. These procedures required Tilus to file a formal grievance by August 3, 2010, five business days after the alleged assault on July 27, 2010. Tilus returned from the hospital to the Jail on July 30, 2010, and was placed in the infirmary under psych watch until August 3, 2010—the fifth business day from the alleged assault. In Tilus's response to defendants' motion for summary judgment, he argues that the Jail's rules and regulations prohibited him from filing any grievances while he was under psych watch. Tilus does not offer any evidence to this effect, and, as the district court found, the Jail's grievance procedures in fact state that, "[g]rievances will be accessible to inmates at *all times*" and that "under *no circumstance* will the grievance process be denied." Dkt. 97-2 at 2 (emphasis in original).

Tilus also argued below that Jail officials, at some date, confiscated his property and have not returned his possessions, including copies of unsigned and

5

unanswered grievances that he filed regarding this alleged assault.  However, except for stating that he filed grievances sometime after he was transferred to administrative segregation on August 3, Tilus does not allege that any of these grievances were submitted to the Jail staff, in accordance with the Jail's grievance procedures, on or before August 3, 2010.

Because Tilus failed to take advantage of available administrative remedies and timely file a grievance regarding the alleged assault, his § 1983 claims are barred in federal court.  *See* 42 U.S.C. § 1997e(a).  Accordingly, after a careful and thorough review of the record and the parties' briefs, we affirm.[2]

AFFIRMED.

---

[2]    Tilus's other arguments on appeal are without merit.